UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LACY,<br>　　　　Plaintiff,<br>　　v.<br>BRAEBURN CAPITAL, et al.,<br>　　　　Defendants. | Case No. 14-cv-01805-JSC<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

Now pending before the Court is Plaintiff William Lacy's Complaint, which he has entitled "Steve Jobs Threat to 'Go-After' the Theora Video Format And other Open Video Formats, Combined with Business Partners in Venture Capital, Advertising and the Tech Industry, Damaged the Plaintiff's Chance for Venture Capital Advertising Revenue and Business Growth." (Dkt. No. 1 at 2.) The Court previously granted Plaintiff's application to proceed in forma pauperis (Dkt. No. 4), and the Court must now review his Complaint under 28 U.S.C. § 1915. For the reasons stated below, the Court DISMISSES the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

Plaintiff alleges that Steve Jobs waged a "holy war" on Plaintiff's product, OGGTV Video-TV Service/Theora Video ("Theora"), by threatening to "kill off" Theora and blocking venture capital to Theora. (Dkt. No. 1.) For instance, Jobs pressured Intel CEO Paul Otellini into rejecting a business deal with OGGTV. (Dkt. No. 1 at 6.) Further, Jobs instructed General Motors, another business partner, not "to deal with the Theora video format." (*Id.* at 45.) Jobs took these actions because Theora "was the only Theora video service in U.S. jurisdiction and heavily promoted on the internet and directly to the public in Chicago." (*Id.* at 3.) Further,

1  "Theora video had a powerful global reach and advantage over Apple TV's small market reach."
2  (*Id.* at 16.)

## LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding *in forma pauperis* if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams,* 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").  Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Franklin v. Murphy*, 745 F. 2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); 3 Moore, Federal Practice, § 15.10 at 838 (2d ed. 1948).

## DISCUSSION

Plaintiff's Complaint must be dismissed with prejudice because it is barred by the doctrine of res judicata.  "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction."  *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotation marks omitted). The elements necessary to establish res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks and citation omitted).

Regarding the first factor, "[i]dentity of claims exists when two suits arise from the same transactional nucleus of facts.  Newly articulated claims based on the same nucleus of facts may

still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id*. at 1078 (internal quotation marks and citations omitted); *see also Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) ("Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together.") (internal quotation marks omitted).  Plaintiff has previously filed two actions with virtually identical allegations regarding Jobs' and Braeburn's antitrust conduct towards Theora.  *See Lacy v. Braeburn Capital*, No. 13-cv-02712, Dkt. No. 1 (N.D. Cal. July 31, 2013) ("*Lacy II*"); *see also Lacy v. Braeburn Capital*, No. 12-cv-941, Dkt. No. 1 (W.D. Mich. Dec. 17, 2012) ("*Lacy I*").  The case previously filed in this District was dismissed with prejudice as barred by res judicata.  *Lacy II*, No. 13-cv-02712, Dkt. No. 4.  Because the allegations in the three complaints are nearly identical, any new claims in the instant Complaint could have been brought in the earlier actions.  Further, the previous cases concluded with final judgments on the merits.  *See Lacy II*, No. 13-cv-02712, Dkt. No. 4; *see also Lacy II*, No. 12-cv-941, Dkt. No. 24; *see also Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 n.3 (9th Cir. 1990) (a dismissal with prejudice constitutes a final judgment on the merits for purposes of res judicata).  Finally, privity exists between the parties.  "Even when the parties are not identical, privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest."  *Tahoe-Sierra*, 322 F.3d at 1081.  The parties here are the exact same parties in the previous two cases.  Therefore, the instant case satisfies all three criteria for res judicata.

## CONCLUSION

Based on the foregoing, Plaintiff's Complaint is DISMISSED.  The dismissal is with prejudice since any amendment would be futile in light of the res judicata bar.

The Clerk is ordered to close the case.

**IT IS SO ORDERED.**

Dated: August 20, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3